UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BOBBY DWAYNE WILLIAMS** | : | **DOCKET NO. 17-cv-935** |
| **DOC # 120007** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **DETECTIVE BURNETT, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court are a *pro se* civil rights complaint [doc. 9] and "Statement of Facts" [doc. 14] filed pursuant to 42 U.S.C. § 1983 by plaintiff Bobby Dwayne Williams. Williams is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Calcasieu Correctional Center in Lake Charles, Louisiana.

Williams was granted leave to proceed *in forma pauperis* ("IFP") in this action on August 9, 2017. Doc. 12. However, we subsequently discovered that he filed several civil rights complaints in the United States District Courts for the Western and Eastern Districts of Arkansas while in the custody of the Arkansas Department of Corrections.[1] At least three of those suits were dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous, malicious, or failing to state a claim on which relief could be granted. *See Williams v. Willie*, No. 2:13-cv-2188, docs. 9 & 11 (W.D. Ark. Oct. 24, 2013); *Williams v. Houston*, No. 5:13-cv-5210, docs. 6 & 7 (W.D. Ark. Jan. 16, 2014); and *Williams v. Darrow*, No. 4:13-cv-0026, docs. 16 and 19 (E.D. Ark. May 16, 2013). Furthermore,

---

[1] The "Bobby Dwayne Williams" in the Arkansas suits has a different prisoner number, as he was in the custody of a different state's department of corrections, and there are no birthdates or social security numbers provided. However, we are quite reasonably assured that this party is the same person as the plaintiff in the instant suit, based on the match between signatures and handwriting in the various complaints. Furthermore, the Bobby Dwayne Williams in this suit admits that he is incarcerated due to a "parole violation out of Arkansas." Doc. 10, p. 1.

Williams's IFP status was revoked in the Western District of Arkansas under 28 U.S.C. § 1915(g). *Williams v. Hale*, No. 6:15-cv-6031, doc. 37 (W.D. Ark. Oct. 21, 2015). That provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, **unless the prisoner is under imminent danger of serious physical injury.**

28 U.S.C. § 1915(g) (emphasis added).

In this matter, Williams claims that the Calcasieu Parish Sheriff's Office illegally searched his cell phone after his arrest. Docs. 9, 14. Williams is not entitled to proceed IFP in this court due to the dismissals cited above, and his allegations in this suit plainly fall short of the imminent danger exception. Williams may continue to pursue his claims in this court, but only if he pays the full filing fee. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).

Accordingly;

**IT IS ORDERED** that Williams's IFP status and the order [doc. 12] instructing the Sheriff, Warden, or authorized prison official to forward funds the Clerk of Court in regard to this matter, are hereby **REVOKED** and **RESCINDED**. **THE CLERK IS DIRECTED** to send a copy of this order to the Calcasieu Correctional Center.

**IT IS ALSO ORDERED** that, in order for this complaint to remain viable, Williams must pay the full filing fee of four hundred dollars ($400.00) within twenty (20) days of the date of this order. **FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING STRICKEN FROM THE RECORD.**

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE